**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
DANIELLE E. STIERNA, SB# 317156
  E-Mail: Danielle.Stierna@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Solara Medical Supplies LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KRISTI KEALLY, as legal guardian of M.K., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOLARA MEDICAL SUPPLIES, LLC,<br><br>Defendant. | CASE NO. '20CV0049 H   AGS<br><br>**DEFENDANT SOLARA MEDICAL SUPPLIES, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>Action Filed:  December 3, 2019<br>Trial Date:    None Set |
|---|---|

**PLEASE TAKE NOTICE** that defendant Solara Medical Supplies, LLC ("Solara"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, for the County of San Diego, to the United States District Court for the Southern District of California, under 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, Solara states as follows:

1.   On or about December 3, 2019, plaintiff Kristi Keally, as legal guardian of M.K., ("plaintiff") commenced this putative class action against Solara by filing a Class Action Complaint ("Complaint" or "Comp.") in the Superior Court of the State of California, for the County of San Diego, bearing case number 37-2019-00064243-CU-CT-CTL. The Complaint asserts five causes of action for (1)

4822-6533-1119.1

1

Defendant Solara Medical Supplies, LLC's Notice of Removal of Class Action

negligence, (2) negligence per se, (3) negligent misrepresentation, (4) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 et seq.), and (5) violation of the California Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code § 56 et seq.).

2. The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because Solara has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

I. **THE REQUIREMENTS OF 28 U.S.C. § 1441 AND 1446 ARE MET.**

4. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Upon information and belief, plaintiff served the Complaint on Solara on December 9, 2019. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5. *Removal to Proper Court.* The Superior Court of the State of California, for the County of San Diego, is located in the Southern District of California. 28 U.S.C. § 84(d). Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers

served with the Complaint is attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), Solara will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7. No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are 100 or more members in plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Solara; and (3) the aggregate amount in controversy exceeds $5,000,000. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A. Diversity of Citizenship.

10. At least one member of the proposed class is a citizen of a state different from Solara. 28 U.S.C. § 1332(d)(2)(A).

11. A limited liability company like Solara is an unincorporated association and is a citizen of the state where it has its principal place of business as well as the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Here, plaintiff alleges Solara is a California limited liability company with its principal place of business in Chula Vista, California. Comp. ¶ 8.

12. Plaintiff brings this suit on behalf of a putative nationwide class with a medical information subclass. Comp. ¶ 41. Plaintiff alleges she "reside[s] in the Commonwealth of Pennsylvania." *Id.* ¶ 6.

13. The diversity of citizenship between plaintiff and Solara satisfies CAFA's minimal diversity requirement, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. §

1332(d)(2)(A). Because the named plaintiff is a Pennsylvania resident and Solara is a citizen of California, the minimal-diversity requirement is met.

### B. CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.

14. As mentioned above, plaintiff purports to represent a nationwide class of individuals. Comp. ¶ 41.

15. Plaintiff further alleges "[i]nformation released by Defendant suggests that the number of class members far exceeds 10,000." Comp. ¶ 43.

16. Based on the allegations in the Complaint, the aggregate number of members in plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

17. Solara disputes that the proposed class could ever be certified or that Solara is liable for the claims plaintiff asserts in the Complaint.

18. The aggregate amount-in-controversy, exclusive of interest and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). While plaintiff does not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, the cost for compliance with the requested injunction), she does include a CMIA claim in which she "and the Subclass members seek relief under Civil Code § 56.35 and § 56.36 including but not limited to actual damages, nominal statutory damages of $1,000, [and] punitive damages…" Comp. ¶ 110. Plaintiff alleges a class in excess of 10,000 members. Comp. ¶ 43. If 10,000 people received $1,000 each in nominal statutory damages, the $5,000,000 CAFA jurisdictional requirement would be exceeded. *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

Based on the foregoing, Solara respectfully requests removal of this action from the Superior Court of the State of California for the County of San Diego,

bearing case number 37-2019-00064243-CU-CT-CTL, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED: January 7, 2020          Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     */s/ Jon P. Kardassakis*
          Jon P. Kardassakis
          Attorneys for Solara Medical Supplies LLC

4822-6533-1119.1

5

Defendant Solara Medical Supplies, LLC's Notice of Removal of Class Action